IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEWITT L DAILEY, JR,

    Plaintiff,
v.                                        CASE NO. 1:16-cv-211-MP-GRJ

ALACHUA COUNTY JAIL,

    Defendants.
_____/

### REPORT AND RECOMMENDATION

The Court recommended that this case be dismissed for failure to prosecute and failure to comply with an order of the court because Plaintiff failed to timely file his Amended Complaint. ECF No. 11. Plaintiff subsequently filed an Amended Complaint. ECF No. 12. Accordingly, the previous Report and Recommendation, ECF No. 11, is **WITHDRAWN**. For the following reasons, the undersigned recommends that this case be dismissed for abuse of the judicial process.

Plaintiff is presently confined at the Alachua County Jail. The Complaint alleges that jail officials have violated his constitutional rights in various respects due to his religion. ECF No. 12.

The Complaint is deficient because Plaintiff failed to include the executed signature page. For that reason, the Complaint is due to be

stricken.

Further, the Court's civil rights complaint form requires prisoners to disclose their prior litigation history. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration *(including habeas corpus petitions)*, and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service," and if so to "identify each and every case so dismissed." ECF No. 12 at 3-4 (emphasis added). The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." ECF No. 12 at 3.

In response to these questions, Plaintiff identified the following cases: *Dailey v. Stinson*, Case No. 1:12-cv-36-MCR-GRJ (7/2/13) (dismissed for failure to comply with an order of the court and failure to

prosecute); *Dailey v. Stinson,* Case No. 1:12-cv-38-MP-GRJ (consolidated with Case No. 1:12-cv-36-MCR-GRJ 2/23/12); *Dailey v. Alachua County Sheriff's Office*, Case No. 1:12-cv-54-MP-GRJ (9/30/13) (dismissing case as moot and for failure to prosecute); and *Dailey v. Trudell*, Case No. 1:12-cv-44-MP-GRJ (5/30/12) (dismissing case for failure to prosecute and failure to obey an order of the court).  *See* ECF No. 12 at 4-5.

Plaintiff failed to respond to the question regarding whether any prior cases had been dismissed as frivolous, malicious, failing to state a claim, or prior to service, and identified no such cases. *See id*. at 4.  Plaintiff also failed to identify any habeas corpus cases.  *Id*.

A review of the Court's PACER Case Locator reflects that, contrary to his representations in the Complaint, Plaintiff filed at least one additional civil case and one habeas corpus case: *Dailey v. Alachua County Sheriff's Office*, Case No. 1:12-cv-35-SPM-GRJ (6/26/12) (dismissing case for failure to state a claim upon which relief may be granted; *Dailey v. Sec'y Dept. of Corr.*, Case No. 1:12-cv-41-MP-GRJ (2/22/12) (transferring case to Middle District of Florida, new case number 5:12-cv-101).   The Court has confirmed that the Plaintiff in these cases is the same as the Plaintiff in this case.   The dismissal of the prior civil case for failure to state a claim

upon which relief may be granted operates as a "strike" pursuant to 28 U.S.C. § 1915(g).

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1]  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit.  The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"  *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil,* No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false

responses or statements in any pleading or motion filed before it.").

The Court has not ordered Plaintiff to show cause as to why this case should not be dismissed prior to recommending dismissal.  Plaintiff cannot plausibly claim that he was unaware of the existence of the undisclosed prior federal civil and habeas corpus case because they were contemporaneous with the cases that he did identify, having all been filed in 2012.  The undersigned therefore concludes that dismissal of this case without prejudice for abuse of the judicial process is an appropriate sanction for Plaintiff's lack of candor.  The dismissal of this case for abuse of the judicial process should operate as a "strike" pursuant to 28 U.S.C. § 1915(g).  If Plaintiff accumulates three strikes, he will be prohibited from proceeding as a pauper in a civil case while he is incarcerated, unless he can demonstrate that he satisfies the "imminent danger" exception to the three-strikes bar.

Accordingly, it is **ORDERED** that the Report and Recommendation, ECF No. 11, is **WITHDRAWN**.

For the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED without prejudice** for abuse of the

judicial process.

**IN CHAMBERS** this 22nd day of September 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**